1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                * * *
9   RICHARD JOHNSTON,                    Case No. 3:12-cv-00557-MMD-WGC
10                        Petitioner,                    ORDER
11       v.
12   ROBERT LeGRAND, et al.,
13                       Respondents.

14          This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §
15   2254 by a Nevada state prisoner represented by counsel. Before the Court is
16   respondents' motion to dismiss this action. (Dkt. no. 30.)
17   **I.    PROCEDURAL HISTORY**
18          Petitioner was convicted, pursuant to a jury verdict, of six counts of sexual
19   assault with a minor under the age of fourteen, three counts of attempted sexual assault
20   of a minor under the age of fourteen, and six counts of lewdness with a minor under the
21   age of fourteen. (Exh. 26.)[1] The state district court sentenced petitioner to life in prison
22   with a minimum of twenty years on each count of sexual assault, a term of twenty years
23   with a minimum of five years for each count of attempted sexual assault, and a term of
24   ten years with a minimum of four years on each count of lewdness. (Exh. 28.) The state
25   district court ordered each sentence to be served concurrently. (*Id.*) The judgment of
26   conviction was entered on May 23, 2006. (*Id.*)

27          [1]The Exhs. referenced in this order are found in the Court's record at dkt. nos.
28   20-26.

1    Petitioner filed a notice of appeal from his judgment of conviction on June 29,
2    2006. (Exh. 29.) By order filed August 10, 2006, the Nevada Supreme Court dismissed
3    the appeal for lack of jurisdiction because the notice of appeal was untimely filed. (Exh.
4    33.)

5    Subsequent to the entry of judgment and the dismissal of the appeal, the Nevada
6    Department of Corrections apparently sent a letter to the state district court to inform the
7    court that petitioner's judgment of conviction was missing a mandatory term of lifetime
8    supervision. (Exh. 6, at p. 74.) As a result, the state district court entered an amended
9    judgment of conviction on November 9, 2006, adding a mandatory term of lifetime
10   supervision. (Exh. 35.) Petitioner took no appeal from the entry of the amended
11   judgment of conviction.

12   On April 13, 2007, petitioner, who was represented by counsel Martin R. Boyers,
13   filed a habeas petition and accompanying points and authorities with the state district
14   court. (Exhs. 36 & 37.) Thereafter, the State conceded that petitioner was entitled to
15   relief under *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994). (Exh. 6, at p. 79.)
16   ("Mr. Simon stated deft is entitled to *Lozada* hearing . . ."). The matter was briefed and
17   petitioner's new counsel, Kristina Wildeveld, filed a supplemental habeas petition
18   pursuant to *Lozada* on June 12, 2008. (Exh. 42.) After a hearing on the *Lozada* petition,
19   the state district court denied relief. (Exh. 47.) Petitioner filed a timely notice of appeal
20   with the assistance of counsel. (Exh. 48.) Petitioner's counsel filed an opening brief on
21   March 26, 2009. (Exh. 53.) On June 23, 2010, the Nevada Supreme Court issued an
22   order affirming the state district court's denial of the *Lozada* petition. (Exh. 57.)
23   Remittitur issued on July 19, 2010. (Exh. 58.)

24   On June 28, 2011, petitioner, acting in *pro se*, filed a second habeas petition in
25   the state district court. (Exh. 59.) The next day, petitioner filed a *pro se* supplemental
26   petition. (Exh. 60.) The State filed a response to the petition and petitioner replied.
27   (Exhs. 62 & 63.) Petitioner filed another *pro se* supplement to the petition on September
28   13, 2011. (Exh. 65.) On October 5, 2011, the state district court denied the petition.

(Exh. 69.) With the exception of petitioner's claims that his attorney was ineffective for failing to raise various issues during the *Lozada* proceedings, the state district court found the second state habeas petition to be procedurally defaulted pursuant to NRS 34.726 and 34.810. (*Id.*) The state district court also found that petitioner received effective assistance of counsel during the *Lozada* proceedings. (*Id.*) Petitioner appealed, acting in *pro se.* (Exh. 74.) Petitioner filed a *pro se* opening brief. (Exh. 80.) Although the Nevada Supreme Court considered petitioner's opening brief, the court determined that briefing was not necessary in the matter and issued an order affirming the state district court's findings without a response from the State. (Exh. 81.) Although the Nevada Supreme Court disagreed with the state district court's finding that the petition was untimely under NRS 34.726, the court determined that all other claims, with the exception of petitioner's claims that his *Lozada* attorney was ineffective, were procedurally defaulted under NRS 34.810 based on petitioner's failure to raise them in a prior proceeding, and petitioner failed to make an adequate showing to overcome the procedural default. (Exh. 81, at pp. 2-7.) Remittitur issued on October 9, 2012. (Exh. 82.)

Petitioner's *pro se* federal habeas petition was dispatched to this Court on October 14, 2012. (Dkt. no. 1-2.) Petitioner filed a supplemental petition on December 3, 2012. (Dkt. no. 8.) This Court granted petitioner's motion for the appointment of counsel, appointing the Office of the Federal Public Defender to represent petitioner in this proceeding. (Dkt. no. 7.) Petitioner, represented by counsel, filed an amended petition on September 9, 2013. (Dkt. no. 19.) Respondents have filed a motion to dismiss this action. (Dkt. no. 30.) Petitioner, through counsel, filed an opposition. (Dkt. no. 35.) Respondents filed a reply. (Dkt. no. 40.)

## II.   DISCUSSION

Respondents claim that the original petition, the supplemental petition, and the amended petition are untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a

one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

In adopting the AEDPA, Congress imposed a one-year statute of limitations on the filing of a federal habeas petition. 28 U.S.C. § 2244(d)(1). Unless a claim is entitled to delayed accrual under 28 U.S.C. § 2244(d)(1)(B)-(D), the starting date for the AEDPA statute of limitations is based on the finality of the judgment of conviction under 28 U.S.C. § 2244(d)(1)(A). *See Mardesich v. Cate*, 668 F.3d 1164, 1169-71 (9th Cir. 2012). When a petitioner does not pursue state appellate remedies, his conviction is considered final upon the expiration of time for him to pursue state remedies. *Gonzalez v. Thaler*, 132 S.Ct. 641, 647 (2012). Where a Nevada defendant does not pursue a direct appeal, his judgment is final under 28 U.S.C. § 2244(d)(1)(A) when the time for him to file a direct appeal expires under Nevada R. App. P. 4(b)(1)(A), which is thirty (30) days after the entry of the judgment of conviction.

Petitioner did not file a timely notice of appeal after the state district court entered the original judgment of conviction dated May 23, 2006. (Exh. 28; Exh. 33.) As a result, petitioner's conviction became final on June 22, 2006, when the time for petitioner to file a timely notice of appeal expired. Nev. R. App. P. 4(b)(1)(A). This gave petitioner until June 22, 2007, to file a timely federal petition. Petitioner filed his first state habeas petition on April 13, 2007, which was 295 days after petitioner's judgment of conviction became final under 28 U.S.C. § 2244(d)(1)(A) and thus tolling the AEDPA statute of limitations until remittitur issued in that proceeding. (Exh. 36.) With remittitur issuing on July 19, 2010, and 70 days of untolled days remaining, petitioner had until September 27, 2010, to file a timely federal habeas petition. (Exh. 58.) However, petitioner did not dispatch his original *pro se* federal petition until October 14, 2012. (Dkt. no. 1-2.) The first page of the federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on October 14, 2012. (Dkt. no. 1-2, at p. 1, item 5.) This Court deems the petitioner's federal petition to be filed October 14, 2012. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). The federal petition was untimely filed on October 14, 2012. Under this analysis, the original federal habeas petition was untimely by 748 days.

Alternatively, if the Court bases the finality of petitioner's conviction on the entry of the amended judgment of conviction, the original federal habeas petition is still untimely. The state district court entered an amended judgment of conviction on November 9, 2006. (Exh. 35.) Petitioner filed no notice of appeal following the entry of the amended judgment of conviction, therefore, the amended judgment of conviction became final on December 9, 2006. This gave petitioner until December 9, 2007, in which to file a timely federal petition. Petitioner filed his first state habeas petition on April 13, 2007, which was 125 days after the finality of the amended judgment of conviction under 28 U.S.C. § 2244(d)(1)(A), thus tolling the AEDPA statute of limitations until remittitur issued in that proceeding. (Exh. 36.) With remittitur issuing on July 19,

2010, and 245 days of untolled time remaining, petitioner had until March 21, 2011, to file a timely federal habeas petition. (Exh. 58.) Petitioner did not file his original federal habeas petition until October 14, 2012. (Dkt. no. 1-2.) Under this analysis, the original federal habeas petition was untimely by 573 days.

Under either of the two scenarios above, the Court notes that petitioner did not file his second state habeas petition until June 28, 2011, which was after the expiration of the AEDPA's statute of limitations in this case. (Exh. 59.) An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). The second state habeas petition did not toll the AEDPA statute of limitations during its pendency.

In his opposition, petitioner argues that the finality of his judgment of conviction should be based on the expiration of time for seeking certiorari review from his first state habeas appeal pursuant to *Jimenez v. Quarterman*, 531 U.S. 113 (2009), because the Nevada courts permitted petitioner to pursue direct appeal claims through a *Lozada* petition. (Dkt. no. 35, at pp. 6-17.) Petitioner argues that the AEDPA one-year statute of limitations should have begun to run on September 21, 2010, which was ninety (90) days after the Nevada Supreme Court's order affirming the denial of the *Lozada* petition. Petitioner asserts that petitioner's second state habeas petition was "properly filed" and therefore petitioner is entitled to statutory tolling during the pendency of the second state habeas petition pursuant to 28 U.S.C. § 2244(d)(2). Petitioner asserts that the AEDPA statute of limitations was statutorily tolled from June 28, 2011, through October 9, 2012, the date that remittitur issued on the appeal from the denial of the second state habeas petition. Petitioner argues that when petitioner dispatched his federal petition to this Court on October 14, 2012, he had only used 283 days of the one-year AEDPA statute of limitations, making his original federal petition timely.

///

6

In *Lozada v. State*, the Nevada Supreme Court held that it did not have jurisdiction to conduct a delayed appeal because a procedural mechanism for such a proceeding did not exist under Nevada law.  *Lozada*, 871 P.3d at 946.[2] The Nevada Supreme Court held that if a petitioner could establish meritorious claim that counsel was ineffective for failing to file a timely notice of appeal, he would be allowed to raise in a state habeas petition any issues which he could have raised on direct appeal. *Id.* at 950.

In *Jiminez v. Quarterman*, 555 U.S. 113, 119-121 (2009), the Supreme Court concluded that, if a state court restores a defendant's appellate rights by restoring the pendency of an untimely direct appeal, the AEDPA's one-year statute of limitations does not begin to run under 28 U.S.C. § 2244(d)(1)(A) until the conclusion of the out-of-time direct appeal, which includes the expiration of time for seeking certiorari review of that appeal. Petitioner asserts that his *Lozada* petition is the same as, or the functional equivalent of, a re-opened direct appeal. Petitioner asserts that because he availed himself of the *Lozada* remedy, which he asserts is the same as a direct appeal, the one-year AEDPA statute of limitations should not begin to run until the conclusion of the *Lozada* proceedings.

In *Randle v. Crawford*, 604 F.3d 1047 (9th Cir. 2010), *cert. denied, Randle v. Skolnik*, 131 S.Ct. 474 (2010), the Ninth Circuit rejected the same argument that petitioner asserts in the instant case. In *Randle v. Crawford*, a Nevada petitioner argued that his *Lozada* proceeding altered the date of finality of his conviction under 28 U.S.C. § 2244(d)(1)(A), citing to *Jimenez*, because the *Lozada* procedure "is equivalent to a decision on an out-of-time direct appeal." *Randle*, 604 F.3d at 1056. The Ninth Circuit rejected the petitioner's argument, as follows:

> [U]nlike *Jimenez*, the Nevada Supreme Court never granted Randle leave to file an out-of-time direct appeal. Rather, the state supreme court

---

[2]In 2009, the Nevada Supreme Court amended the Nevada Rules of Appellate Procedure to allow an out-of-time appeal from a judgment of conviction where there has been ineffective assistance of counsel. *See* Nev. R. App. P. 4(c).

explicitly stated that an untimely direct appeal was foreclosed by state rules, and that "[a]n untimely notice of appeal failed to vest jurisdiction in this court." At no point did the Nevada Supreme Court "restor[e] the pendency of the direct appeal," nor was "petitioner's conviction . . . again capable of modification through direct appeal to the state courts and to [the Supreme Court] on certiorari review." *Jimenez*, 129 S.Ct. at 686.

*Randle*, 604 F.3d 1056-57 (internal citations omitted). The Ninth Circuit further noted that "[a]lthough Randle was entitled to present, pursuant to *Lozada*, the arguments that he would have presented on direct appeal in his state postconviction relief proceeding, *his direct appeal was not, and could not be, reinstated*." *Id.* at 1057 (emphasis added). The Ninth Circuit concluded that *Jimenez* did not apply to *Lozada* proceedings in Nevada state courts. *Id.* Similarly, in the instant case, although the Nevada state courts allowed petitioner to present direct appeal arguments in a *Lozada* petition, petitioner fails to establish that the Nevada courts restored the pendency of his direct appeal, a condition that the Ninth Circuit in *Randle* recognized could not happen in light of the Nevada Supreme Court's holding in *Lozada*, thus distinguishing Nevada's *Lozada* procedure from restoration of the pendency of a direct appeal, as occurred in *Jimenez*. The Court rejects petitioner's assertion that this Court need not follow the Ninth Circuit's binding authority announced in the *Randle v. Crawford* decision.

Petitioner also asserts that respondents should be judicially estopped from arguing that the *Lozada* proceeding did not result in a reopening of petitioner's criminal proceedings for purposes of permitting a delayed direct appeal that alters the finality date of petitioner's judgment of conviction. (Dkt. no. 35, at pp. 8-9; pp. 15-16.) In determining whether to apply judicial estoppel, the Court considers: (1) whether a party's position in the later judicial proceeding is clearly inconsistent with the party's earlier position; (2) whether the party persuaded the first court to accept the earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that one of the two courts was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Randle v. Crawford*,

604 F.3d at 1053-54 (*citing Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001). Petitioner has failed to identify a clearly inconsistent position that respondents took regarding the finality of his conviction under 28 U.S.C. § 2244(d)(1)(A). Petitioner's arguments regarding judicial estoppel lack merit and are rejected by this Court.

Petitioner asserts that the *Lozada* remedy was a state-created impediment to his filing of a timely federal habeas petition. (Dkt. no. 35, at pp. 17-19.) Where the government created an impediment to the filing of a federal habeas petition in violation of the Constitution or laws of the United States, the statute of limitations begins to run on the date that such impediment is removed. 28 U.S.C. § 2244(d)(1)(B). In order for 28 U.S.C. § 2244(d)(1)(B) to be applicable, the government's action must have prevented petitioner from filing a federal habeas petition on time. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (petitioner may be able to show that government created an impediment to filing federal habeas petition within the meaning of 28 U.S.C. § 2244(d)(1)(B) where prison law library did not contain any legal materials regarding the AEDPA); *see also Randle v. Crawford*, 604 F.3d at 1057 (petitioner failed to establish a nexus between counsel's failure to file a notice of appeal and petitioner's failure to file a timely federal habeas petition).

In the instant case, petitioner asserts that by allowing petitioner to file a *Lozada* petition and "by refusing to reinstate a defendant's appeal after a Sixth Amendment violation, the Nevada Supreme Court has impeded Johnston from getting the full one-year statute of limitations." (Dkt. no. 35, at pp. 17-18.) Petitioner fails to identify a state action that prevented him from filing a timely federal petition. To the extent that petitioner asserts that he was not given a full year from the finality of his conviction to file his federal habeas petition under the AEDPA, the Court rejects this argument. Petitioner's judgment of conviction was filed on May 23, 2006, and his amended judgment of conviction was filed on November 9, 2006. (Exhs. 28 & 35.) Petitioner filed a pleading in the Nevada Supreme Court acknowledging that his notice of appeal was

untimely filed on July 6, 2006, and requesting that the Nevada Supreme Court permit his appeal to proceed despite the untimely filing of the notice of appeal. (Exh. 31.) The Nevada Supreme Court denied that request and dismissed petitioner's direct appeal by order filed August 10, 2006, citing *Lozada* for the proposition that the Court was without jurisdiction to entertain the appeal due to the untimely notice of appeal. (Exh. 33.) The Nevada Supreme Court's order informed petitioner that the appropriate vehicle for alleging counsel's failure to file a timely notice of appeal was the filing of a state habeas petition alleging a claim of ineffective assistance of counsel. (*Id.*) Petitioner then waited until April 13, 2007, to file his first state habeas petition. (Exh. 36.) The first state habeas petition included a claim alleging that counsel was ineffective for failing to file a timely notice of appeal — this started petitioner's *Lozada* proceeding in state court. (Exh. 36). Petitioner provides this Court with no explanation for why it took him eight (8) months after the Nevada Supreme Court's order of August 10, 2006, to file his first state habeas petition pursuant to *Lozada*. Petitioner's first state petition and appeal (his *Lozada* proceeding) concluded on July 19, 2010, the date that the Nevada Supreme Court issued remittitur from the denial of petitioner's appeal. (Exhs. 57 & 58.) Petitioner then waited an additional eleven (11) months to file his second state habeas petition on June 29, 2011. (Exh. 59.) Petitioner provides no explanation for the eleven-month delay in filing the second state habeas petition after the issuance of remittitur on July 19, 2010. More importantly, petitioner provides no explanation for his failure to file a timely federal habeas petition at any point within that time period. Petitioner fails to establish a causal nexus between the *Lozada* remedy afforded by the Nevada state courts and his ability to file a timely federal petition. The Nevada state courts did not impede petitioner's ability to file a timely federal petition, thus 28 U.S.C. § 2244(d)(1)(B) has no application to this case.

Petitioner further asserts that the "State led Johnston to believe that this impediment was not present" because the State took the position "that the *Lozada* remedy was the same as a direct appeal." (Dkt. no. 35, at p. 18.) Review of

respondents' filings in state district court shows that the State expressly asserted that the state district court did not award petitioner a delayed direct appeal in allowing the *Lozada* petition to proceed. (*See, e.g.*, Exh. 43, at pp. 4-5.) Petitioner fails to point to any representation made by the State in the state court record showing that the State made any representation about what impact the *Lozada* proceeding would have on the finality of petitioner's conviction and on the AEDPA deadline in which to file a federal habeas petition. Because there was no state-created impediment to the filing of a timely federal habeas petition, the provision in 28 U.S.C. § 2244(d)(1)(B) is not applicable to this case.

Finally, petitioner asserts that he is entitled to equitable tolling on the basis of attorney misconduct in failing to file a timely notice of appeal following his judgment of conviction. Petitioner also asserts that State actors led him to believe that the AEDPA time period did not begin to run until review of the *Lozada* petition had been completed. (Dkt. no. 35, at pp. 19-22.)

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court held that "a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (*quoting Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that

leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal quotations and citations omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). A petitioner is not entitled to equitable tolling where the cause of his late filing is incorrect advice from counsel. *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001).

In this case, petitioner asserts that he is entitled to equitable tolling based on his attorney's failure to file a timely notice of appeal from this judgment of conviction. Similarly, in *Randle v. Crawford*, the petitioner sought equitable tolling because his counsel failed to perfect a timely appeal in state court. 604 F.3d at 1057-58. The Ninth Circuit in *Randle* held that petitioner was not entitled to equitable tolling, as follows:

> [T]he alleged negligence of Randle's counsel had little to no bearing on his ability to file a timely federal habeas petition. Counsel's failure to perfect an appeal simply meant that Randle had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action — it did not prevent him from filing the petition.

*Randle*, 604 F.3d at 1058.  Here, just as in *Randle*, petitioner's attorney's failure to file a timely notice of appeal in state court was not an "extraordinary circumstance" that prevented petitioner from filing a timely federal habeas petition. The Court further rejects petitioner's assertion that State actors led him to believe that the AEDPA time period did not begin to run until review of the *Lozada* petition had been completed, as discussed earlier in this order. Petitioner has not established that the State informed him that his *Lozada* proceedings would alter the date of finality for purposes of filing a timely federal habeas petition. Petitioner has not demonstrated an extraordinary circumstance that prevented him from filing a timely federal habeas petition, and therefore, petitioner is not entitled to equitable tolling.

Additionally, if even petitioner could have established that an extraordinary circumstance prevented him from filing a timely federal habeas petition, petitioner's claim for equitable tolling fails because he has not established that he acted with reasonable diligence in pursing this federal petition. As discussed *supra*, petitioner

provides no explanation for the eight month delay between the dismissal of his direct appeal for lack of jurisdiction and the filing of his first state habeas (*Lozada*) petition. Petitioner also provides no explanation for the eleven month delay between the resolution of his *Lozada* proceedings on appeal and the filing of his second state habeas petition. (*See* Exhs. 33, 36, 58, 59.) Significantly, petitioner has failed to establish that he acted with reasonable diligence in pursuing and filing a timely federal habeas petition. In sum, petitioner has failed to establish an extraordinary circumstance that prevented him from filing a timely federal habeas petition and petitioner has failed to establish that he acted with reasonable diligence in pursuing timely federal habeas relief. Petitioner is not entitled to equitable tolling. This action must be dismissed with prejudice as untimely, because the original petition was untimely. Given this finding, the Court need not reach the issue of whether the amended petition relates back to the original petition.

## III.   CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the

questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition as untimely debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## IV.   CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 30) is granted.

It is further ordered that this action is dismissed with prejudice as untimely.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 15th day of December 2014.


_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE